UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DARYL SINGLETERRY | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | Misc. No. 05-28-P-K |
| | ) | Criminal No. 93-03-P-C |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Daryl Singleterry has filed a pleading styled as a motion pursuant to 28 U.S.C. § 2244 seeking permission to file a second or successive 28 U.S.C. § 2255 motion. Singleterry had filed three 28 U.S.C. § 2255 motions prior to his July 30, 1998, amended sentencing judgment: Civ. No. 95-204-P-C (denied), Civ. No. 96-329-P-C (stricken), and 96-332-P-C (stricken). Subsequent to the amendment judgment Singleterry filed two 28 U.S.C. § 2255 motions: Civ. No. 00-64-P-C and Civ. No. 00-149-P-C. In the present motion Singleterry contends that his sentence violates the Sixth Amendment per United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005).

Paragraph 8 of 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> **(2)** a new rule of constitutional law, <u>made retroactive</u> to cases on collateral review <u>by</u> the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8 (emphasis added).[1]

Singleterry's efforts to get 28 U.S.C. § 2255 review is governed by 28 U.S.C. § 2255 ¶8 and he must proceed by seeking the First Circuit Court of Appeals' certification under 28 U.S.C. § 2244(b)(3)(A). Accordingly, I recommend that the Court **DISMISS** this motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated April 1, 2005.

---

[1] See <u>Hamlin v. United States</u>, Civ. No. 05-11-B-S, 2005 WL 102959, *1 (D.Me. Jan. 12 2005) ("The problem for [the § 2255 movant] is that Congress has expressly provided in § 2255 ¶ 8(2) that in order for defendants who have completed their first 'complimentary' round of § 2255 review to reap any benefit from a new rule --- such as those announced in ... <u>Booker</u> ...--the United States Supreme Court must, itself, explicitly make the case retroactive to cases on collateral review.") (citing <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 11 (1st Cir.2000)).